UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,                    **TRIAL MEMORANDUM**
                                                        **06-CR-824 (NGG)**

      v.

HECTOR PADILLA,

                Defendant.
---------------------------------------------------------X

GARAUFIS, United States District Judge.

      Defense counsel asserted today that the court would not allow him to call certain

witnesses on the Defendant's direct case. I want to make it very clear that the court is, in no way,

limiting the Defendant from making any legally cognizable defense to the charge in the

Indictment or from calling any witnesses who would give evidence to support such a defense.

      However, Mr. Padilla's defense must be grounded in evidence and governed by the

Federal Rules of Evidence and Criminal Procedure. If defense counsel wishes to pursue a theory

that the weapon at issue was planted on the Defendant, or any other cognizable theory, he is of

course free to do so on his direct case. If he wishes to call the two individuals who were

allegedly with the Defendant that night or any other witnesses who might provide evidence

tending to support such a defense, the court will certainly allow him to do so. I note that the

Government has supplied defense counsel with the names (and, at the court's direction, the

addresses) of the individuals who were allegedly with the Defendant on the night in question so

that the defense may call them as witnesses, should it wish to.

      Furthermore, the court is not, as defense counsel stated yesterday, attempting to

"hamstring" Mr. Padilla's defense. If the defendant wishes to cross examine any of the

Government's witnesses with proper questions regarding their role or direct observations, that has

been and will continue to be permissible. However, this court will not permit any argument that

is not based upon the evidence or lack of evidence in this case, whether it is in the Defendant's

cross examination, direct case, or closing argument.


SO ORDERED.

Dated: August 6, 2007                            /s  Nicholas G. Garaufis
Brooklyn, N.Y.                           NICHOLAS G. GARAUFIS
                                         United States District Judge